GARY A. BORNSTEIN (Pro Hac Vice Application Pending)
YONATAN EVEN (Pro Hac Vice Application Pending)
BENJAMIN GRUENSTEIN (Pro Hac Vice Application Pending)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

DAVID A. KAYS, ESQ. (SBN 120798)
WILLIAM SIAMAS, ESQ. (SBN 133111)
FREEDA YLLANA LUGO, ESQ. (SBN 244913)
MORGAN, FRANICH, FREDKIN, SIAMAS & KAYS
333 West San Carlos Street, Suite 1050
San Jose, California 95110
Telephone: (408) 288-8288
Facsimile: (408) 288-8325

Attorneys for Applicant
QUALCOMM INCORPORATED

FILED
JAN 07 2016
SUSAN Y. SOONG
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

PSG

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

CV 16 80002 MISC.

| | |
|---|---|
| In re Ex Parte Application of<br>QUALCOMM INCORPORATED,<br><br>Applicant,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Apple Inc. for Use in a Foreign Proceeding. | Miscellaneous Action No.<br><br>EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | ARGUMENT | 5 |
| | A. Legal Standard | 5 |
| | B. Qualcomm's Application Meets § 1782's Statutory Requirements. | 6 |
| | C. The <u>Intel</u> Factors Strongly Favor Granting Qualcomm's Application. | 7 |
| |     1. Apple Is Not A Party to the Foreign Proceeding. | 7 |
| |     2. Qualcomm Seeks Highly Relevant Information That Not Only Will Assist the Foreign Tribunal, But Is Essential to Qualcomm's Defense of the Charges. | 7 |
| |     3. No Foreign Discovery Restriction Bars Qualcomm's Requested Discovery. | 9 |
| |     4. Qualcomm's Discovery Is Narrowly Tailored to Avoid Undue Burden. | 9 |
| IV. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Cases**                                                                                             Page(s)

Akebia Therapeutics, Inc. v. FibroGen, Inc., 793 F.3d 1108 (9th Cir. 2015) .................................6

Cryolife, Inc. v. Tenaxis Med., Inc., No. C08-05124 HRL, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009)..................................................................................................................8

Ex parte Rigby, No. 13-cv-0271-MMA (MDD), 2013 WL 622235 (S.D. Cal. Feb. 19, 2013).................................................................................................................2, 7

In re Application of Chevron, 709 F. Supp. 2d 283 (S.D.N.Y. 2010)............................................5

In re Application of PQ Corp. For Ex Parte Order to Obtain Discovery For Use in Foreign Proceedings, No. 6:13-MC-9-ORL-36KRS, 2013 WL 3270407 (M.D. Fla. June 26, 2013).................................................................................................................9

In re Ex Parte Application of Nokia Corp., No. 513MC80217EJDPSG, 2013 WL 6073457 (N.D. Cal. Nov. 8, 2013) ....................................................................................7

In re Godfrey, 526 F. Supp. 2d 417 (S.D.N.Y. 2007)....................................................................6

In re Grupo Unidos Por El Canal, S.A., 2014 U.S. Dist. LEXIS 152473 (N.D. Cal. Oct. 27, 2014).....................................................................................................................1

In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216 (9th Cir. 1976) ...............1

In re Republic of Ecuador, No. C-10-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010)..................................................................................................................5

In re Request for Int'l Judicial Assistance From the Nat'l Court Admin. of the Republic of Korea, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015)................9

Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004) ......................................passim

IPCom GmbH & Co. KG v. Apple Inc., 61 F. Supp. 3d 919, 2014 U.S. Dist. LEXIS 104245, 2014 WL 3728576 (N.D. Cal. 2014) .............................................................................1

London v. Does, 279 F. App'x 513 (9th Cir. 2008) ........................................................................8

Matter of Action & Prot. Found., No. 14-CV-80076 MISC EMC (LB), 2015 WL 1906984 (N.D. Cal. Apr. 27, 2015) ................................................................................1

**Statutes & Rules**

28 U.S.C. § 1782.....................................................................................................................passim

Applicant Qualcomm Incorporated ("Qualcomm") respectfully applies to the Court ex parte for an order of discovery pursuant to 28 U.S.C. § 1782 granting Qualcomm leave to obtain targeted discovery from Apple Inc. ("Apple") for use in a foreign proceeding. This application is brought on an ex parte basis pursuant to Civil L.R. 7-10 as this Court has expressly authorized, and routinely accepts, ex parte applications for 28 U.S.C. § 1782 discovery. See, e.g., Matter of Action & Prot. Found., No. 14-CV-80076 MISC EMC (LB), 2015 WL 1906984, at *6 (N.D. Cal. Apr. 27, 2015) ("An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782.") (citing In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976); IPCom GmbH & Co. KG v. Apple Inc., 61 F. Supp. 3d 919, 922, 2014 U.S. Dist. LEXIS 104245, *6, 2014 WL 3728576 (N.D. Cal. 2014); In re Grupo Unidos Por El Canal, S.A., 2014 U.S. Dist. LEXIS 152473, *1 (N.D. Cal. Oct. 27, 2014)). This application is supported by the memorandum of points and authorities below and the Declarations of Changhun Lee and Brent Byars, filed herewith. The proposed subpoenas are attached hereto as Exhibit A and Exhibit B.

Qualcomm respectfully requests expedited consideration of this application because Qualcomm requires the requested discovery to formulate a written submission in a proceeding pending before the Korea Fair Trade Commission in connection with evidentiary hearings that are likely to commence in early spring 2016. (Lee Decl. ¶ 8.)[1]

Jurisdiction: This Court has subject matter jurisdiction over this application pursuant to 28 U.S.C. § 1782 (application for leave to take discovery for use in a foreign proceeding).

Intradistrict assignment: Assignment of this application to the San Jose Division of this Court is proper because Apple is a California corporation headquartered at 1 Infinite Loop, Cupertino, California, in Santa Clara County.

## I. INTRODUCTION

Qualcomm is a company headquartered in San Diego that, among other things, sells chips for use in mobile phones and other cellular-enabled devices, and licenses its portfolio of patented

---

[1] Together with this application, Qualcomm submits applications for leave to take discovery from other relevant firms. Although the discovery relates to the same KFTC proceedings, the respective applications describe the circumstances that justify granting discovery from each of the firms from whom it is sought, and the scope of discovery sought from each.

cellular and other technologies to the makers of those devices. Qualcomm is currently the subject of a proceeding before the antitrust regulator in the Republic of Korea, known as the Korea Fair Trade Commission ("KFTC"). (Lee Decl. ¶ 4.) During that proceeding, KFTC investigators obtained documents and information from a variety of companies in the wireless communications industry, including Apple. (Lee Decl. ¶ 7.) Based in part on information and documents received from Apple, the KFTC has charged that aspects of Qualcomm's patent licensing practices violate South Korean antitrust law. Through this application, Qualcomm seeks narrowly tailored discovery from Apple in support of its defense before the KFTC.

Under 28 U.S.C. § 1782, interested parties such as Qualcomm may obtain discovery from companies located within the United States or subject to the jurisdiction of its courts for use before international tribunals. "Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Recognizing that Congress intended it to "substantially broaden[] the scope of assistance federal courts could provide for foreign proceedings", id., at 247-48, district courts have held that § 1782 should be read in light of policies "generally favor[ing] discovery", Ex parte Rigby, No. 13-cv-0271-MMA (MDD), 2013 WL 622235, at *3 (S.D. Cal. Feb. 19, 2013).

Qualcomm's discovery from Apple is of urgent concern. Qualcomm requires this discovery to formulate a written submission to the KFTC and to prepare for evidentiary hearings that are likely to commence in early spring 2016. (Lee Decl. ¶ 8.)

Accordingly, for the reasons set forth below, Qualcomm respectfully requests that the Court enter the proposed order filed herewith and authorize the service of the subpoenas for documents and testimony attached hereto as Exhibits A and B.

## II. BACKGROUND

The KFTC is an administrative agency that formulates and administers competition policies, investigates compliance with the antitrust laws of South Korea and determines whether violations have occurred. (Lee Decl. ¶ 5.) As such, it possesses broad investigative and enforcement powers comparable to those of the United States Federal Trade Commission or the

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. §1782

Directorate-General for Competition in the European Commission, which is the European antitrust regulator.

The KFTC's investigation of Qualcomm has been undertaken to this point by KFTC staff members on a case team led by an Examiner. (Lee Decl. ¶ 6.) Among various issues, the investigation concerned the commercial terms Qualcomm negotiated with some of its licensees. (Lee Decl. ¶ 6.) On November 13, 2015, the case team issued to Qualcomm an Examiner's Report ("ER") setting out the Examiner's allegations regarding certain matters under investigation, including allegations that certain aspects of Qualcomm's practices regarding the licensing of standard-essential patents violate South Korean antitrust law.[2] (Lee Decl. ¶ 7.) The ER recommends that the KFTC impose monetary penalties on Qualcomm and order Qualcomm to modify certain business practices. (Lee Decl. ¶ 7.) In support of its allegations, the ER relies upon statements and documents the case team obtained from suppliers of cellular devices and modem chipsets, including Apple. (Lee Decl. ¶ 7.) Furthermore, the ER states that representatives of Apple met in person with the Examiner and the case team. (Lee Decl. ¶ 7.) Qualcomm is not in possession of the third-party materials cited in the ER, nor is it in possession of any materials that the case team obtained from third parties but chose not to cite in the ER; these materials were not provided to Qualcomm by the Examiner or the KFTC. (Lee Decl. ¶ 7.)

As noted above, Qualcomm must now submit a written response to the ER and prepare for hearings before the KFTC under strict time constraints. (Lee Decl. ¶ 8.) Through this application, Qualcomm seeks narrowly tailored discovery from Apple in support of its response and its presentation at the hearings. The content of the ER is required to be kept confidential by South Korean law (Lee Decl. ¶ 7), so Qualcomm is constrained in its ability to explain in a public filing the ER's specific allegations. Subject to those constraints, Qualcomm sets forth the following general summary of the discovery sought from Apple and why Qualcomm requires such information to respond to contentions included in the ER:

---

[2] A cellular communication standard is a set of technical specifications that govern matters such as the operation of mobile devices on a cellular network. An example is the fourth-generation (or "4G") LTE standard often mentioned in advertisements by cellular network operators. Patents that are "essential" to a standard are patents that must be practiced in order to comply with the standard's specifications.

- <u>Qualcomm seeks documents Apple provided to the KFTC concerning matters at issue in the ER.</u> The ER's findings rely upon and cite information provided by Apple. Qualcomm's request for documents Apple provided to the KFTC is limited to documents produced in connection with key factual subjects in the ER: Qualcomm itself, the mobile device industry, the modem chipset industry, and intellectual property rights that are essential to, or have been declared as potentially essential to, implementing a cellular communication standard (standard-essential patents or "SEPs"). (Ex. A (Requests for Production) at 5 ¶ 1.) Qualcomm also seeks testimony from Apple concerning relevant communications with the KFTC (Ex. B (Deposition Topics) at 3 ¶ 1), as the ER states, for example, that representatives of Apple met in person with the KFTC case team.

- <u>Qualcomm seeks documents sufficient to show whether Apple has been harmed by Qualcomm's licensing practices.</u> The ER asserts that Qualcomm's licensing practices have caused other firms in the cellular communications industry, including Apple, certain types of harm. Qualcomm disputes this assertion and seeks documents sufficient to show whether Apple has in fact been harmed in the ways alleged in the ER—if such documents even exist—and testimony concerning such alleged harms. (Ex. A (Requests for Production) at 5 ¶¶ 2, 3; Ex. B (Deposition Topics) at 3 ¶¶ 2, 3.)

- <u>Qualcomm also seeks documents concerning positions taken by Samsung in prior relevant litigation.</u>[3] Apple and Samsung have been involved in extensive litigation in this District, before the International Trade Commission and before a Korean court—as well as a proceeding before the KFTC itself—that related in part to the issues involved in the KFTC's investigation of Qualcomm. In this prior litigation, Samsung has taken positions concerning these issues that are inconsistent with positions that the ER states Samsung has presented to the KFTC. (Byars Decl. ¶ 5.)

---

[3] The Samsung entities are Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC.

Accordingly, Qualcomm seeks documents filed or served by Samsung in such proceedings and testimony concerning those positions. This information is in the possession of both Apple and Samsung. (Ex. A (Requests for Production) at 5-6 ¶ 4.)

## III. ARGUMENT

### A. LEGAL STANDARD

Title 28, United States Code, Section 1782, authorizes a district court to order a person residing or found within its district to produce documents or testimony for use in a foreign proceeding. 28 U.S.C. § 1782; Intel, 542 U.S. at 246-47. It provides in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. 28 U.S.C. § 1782(a).

To obtain discovery, three requirements must be met: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by . . . any interested person". In re Republic of Ecuador, No. C-10-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (quoting In re Application of Chevron, 709 F. Supp. 2d 283, 290 (S.D.N.Y. 2010)).

Once these threshold requirements are established, district courts may order discovery. In Intel, the Supreme Court set out four discretionary factors to be considered by district courts: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome". 542 U.S. at 264-65.

### B. QUALCOMM'S APPLICATION MEETS § 1782'S STATUTORY REQUIREMENTS.

Qualcomm's application satisfies all three of § 1782's mandatory statutory requirements. First, Apple "resides" and is "found" within this District. Apple is a California corporation headquartered at 1 Infinite Loop, Cupertino, California, in this District. (Byars Decl. ¶ 4.) Because it is headquartered here, Apple both resides within and may be found within this District. See In re Godfrey, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007).

Second, the requested documents and testimony are sought exclusively for use in a "proceeding in a foreign . . . tribunal". 28 U.S.C. § 1782(a). In Intel, the Supreme Court recognized that Congress intended the term "tribunal" to encompass administrative and quasi-judicial agencies. 542 U.S. at 258; see also Akebia Therapeutics, Inc. v. FibroGen, Inc., 793 F.3d 1108, 1111 (9th Cir. 2015) ("A 'proceeding in a foreign or international tribunal' within the meaning of § 1782 'is not confined to proceedings before conventional courts, but extends also to administrative and quasi-judicial proceedings'." (quoting Intel, 542 U.S. at 249)). With respect to antitrust proceedings in the European Commission ("EC"), the Supreme Court held that § 1782 "authorizes, but does not require, a federal district court to provide assistance to a complainant in a European Commission proceeding that leads to a dispositive ruling, i.e., a final administrative action both responsive to the complaint and reviewable in court". Intel, 542 U.S. at 255. Accordingly, the Court held that the EC is a "§ 1782(a) 'tribunal' when it acts as a first-instance decisionmaker". Id. at 246-47. Like the EC, the KFTC is an administrative agency and "first-instance decisionmaker" capable of rendering a "final administrative action", and its rulings are subject to review in court. (Lee Decl. ¶¶ 5, 9.)

Third, as the subject of the KFTC proceeding, Qualcomm qualifies as an "interested party". Intel, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke 1782 . . . .").

Accordingly, Qualcomm's request satisfies the three statutory requirements for an application under 28 U.S.C. § 1782.

## C. THE INTEL FACTORS STRONGLY FAVOR GRANTING QUALCOMM'S APPLICATION.

As noted above, in Intel, the Supreme Court identified "factors that bear consideration in ruling on a § 1782 request". 542 U.S. at 264. Those factors weigh heavily in favor of the Court exercising its discretion to grant Qualcomm's request for discovery.

### 1. Apple Is Not A Party to the Foreign Proceeding.

In Intel, the Supreme Court explained that the need for § 1782 assistance is greater in cases where the party from whom discovery is sought is not a party to the foreign proceeding and, therefore, not subject to an order of discovery by the foreign tribunal. 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). Although Apple submitted materials to and met with the Examiner, Apple is not a party to the proceeding before the KFTC and there are no procedures under South Korean law that would permit Qualcomm to seek mandatory discovery from Apple. (Lee Decl. Ex. ¶ 11.) This fact weighs in favor of authorizing the requested discovery.

### 2. Qualcomm Seeks Highly Relevant Information That Not Only Will Assist the Foreign Tribunal, But Is Essential to Qualcomm's Defense of the Charges.

In considering requests for § 1782 discovery, the Supreme Court further stated that courts "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance". Intel, 542 U.S. at 264. Courts conducting this analysis tend to focus on the utility of the evidence sought and whether the foreign tribunal is likely to receive such evidence. See, e.g., In re Ex Parte Application of Nokia Corp., No. 513MC80217EJDPSG, 2013 WL 6073457, at *3 (N.D. Cal. Nov. 8, 2013); Rigby, No. 13CV0271-MMA MDD, 2013 WL 622235, at *2.

The ER recommends that the KFTC order Qualcomm to modify certain business practices and impose monetary penalties on Qualcomm. Apple has provided information to the Examiner that is not in Qualcomm's possession and that Qualcomm therefore cannot address in its response.

Furthermore, Qualcomm believes that Apple possesses additional evidence that can provide critical context for the evidence or information concerning Apple relied upon in the ER. See London v. Does, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting § 1782 discovery when proof sought was "critical" in light of the "nature and character of the foreign case"). For example, the ER makes certain characterizations about licensing negotiations between Qualcomm and Apple. Qualcomm disputes these characterizations. Documents and testimony concerning these negotiations are therefore critical to the KFTC's ability to evaluate the accuracy of the allegations.

Qualcomm also believes that Samsung has taken positions before the Examiner (and ultimately the KFTC) relating to the licensing of SEPs that are directly contradicted by positions it has taken in litigation before this Court involving patent disputes between Samsung and Apple. See Samsung Electronics Co., Ltd. v. Apple Inc., No. 11-02079 (N.D. Cal.); Apple Inc. v. Samsung Electronics Co. Ltd., No. 11-1846 (N.D. Cal.); Apple Inc. v. Samsung Electronics Co. Ltd., No. 12-630 (N.D. Cal.). Documents from the litigation will be fundamental to allowing the KFTC to assess the credibility of Samsung's statements to the KFTC's Examiner. Furthermore, the litigation between Samsung and Apple relating to Samsung's SEPs spilled over into the Seoul District Court in Korea, Samsung Electronics Co. v. Apple, Case No. 2011 GaHapp 39522 (Seoul Central District Court), and also included a request Apple made to the KFTC to find Samsung's SEP licensing practices to be improper. Samsung vigorously defended its licensing practices in those tribunals, and neither the Seoul District Court nor the KFTC found Samsung's SEP licensing practices to be improper. Nevertheless, the ER suggests that Samsung is now urging the KFTC to find unlawful certain identical practices engaged in by Qualcomm. Information from these prior matters is essential to show that Samsung is taking inconsistent positions depending on whether it is the SEP licensor or the SEP licensee, and thus challenge the credibility of the information Samsung is now presenting to the KFTC. Apple has possession and control of documents and information from all of these prior matters, including the matters in Korea.

For these reasons, "the information" sought under § 1782 "will be useful". Cryolife, Inc. v. Tenaxis Med., Inc., No. C08-05124 HRL, 2009 WL 88348, at *4 (N.D. Cal. Jan. 13, 2009)

(noting that the applicant is not obliged to establish a "compelling need" for discovery). Furthermore, prior cases have recognized the receptiveness of South Korean courts to the use of discovery obtained through § 1782. See, e.g., In re Request for Int'l Judicial Assistance From the Nat'l Court Admin. of the Republic of Korea, No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015) [hereinafter Korean Nat'l Court Admin.]. While the KFTC is not itself a court of South Korea, it is an administrative agency whose decisions are subject to review in South Korean courts, and it will be receptive to evidence obtained under § 1782 and that evidence can also be used during judicial review of the KFTC's decision. (Lee Decl. ¶¶ 5, 10.)

### 3. No Foreign Discovery Restriction Bars Qualcomm's Requested Discovery.

The Intel Court further instructed that "a district court consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States". Intel, 542 U.S. at 265. Although South Korean law does not itself provide discovery mechanisms similar to those available in the U.S., Qualcomm is aware of no provision in South Korean law that precludes parties from obtaining or using discovery, taken in the United States pursuant to United States law, in proceedings held in Korea. (Lee Decl. ¶ 10.) Indeed, as noted above, at least one South Korean court has requested and accepted discovery obtained pursuant to § 1782(a) discovery. See Korean Nat'l Court Admin., 2015 WL 1064790, at *2. Accordingly, other U.S. courts have granted § 1782 applications related to South Korean proceedings. See, e.g., In re Application of PQ Corp. For Ex Parte Order to Obtain Discovery For Use in Foreign Proceedings, No. 6:13-MC-9-ORL-36KRS, 2013 WL 3270407, at *6-7 (M.D. Fla. June 26, 2013).

### 4. Qualcomm's Discovery Is Narrowly Tailored to Avoid Undue Burden.

The Intel Court noted that "unduly intrusive or burdensome requests may be rejected or trimmed". Intel, 542 U.S. at 265. As set forth above, Qualcomm's proposed discovery requests are narrowly tailored and minimally burdensome and seek a highly targeted set of documents and testimony that are directly relevant to the issues discussed in the ER. First and foremost,

Qualcomm seeks materials Apple provided to the Examiner and testimony concerning Apple representatives' personal discussions with KFTC staff. Qualcomm must have access to the evidence that the KFTC case team relies upon if it is going to have an opportunity to challenge the ER. As Apple already has collected and produced such materials, it will be not be burdensome to provide Qualcomm with copies.

In addition, Qualcomm seeks a narrow set of documents that go to key factual findings. Specifically, Qualcomm requests documents—if they exist—sufficient to show the alleged harmful consequences of Qualcomm's licensing practices.[4] Finally, Qualcomm seeks documents from earlier litigations in this District and elsewhere, in which Samsung took positions that conflict with the positions it has taken during the KFTC's investigation of Qualcomm. Qualcomm should have the opportunity to present such conflicting positions to the KFTC. In addition to being squarely relevant to Qualcomm's defense in the KFTC proceedings, the documents that Qualcomm seeks are easily gathered. Accordingly, these requests will impose no undue burden upon Apple.[5]

## IV. **CONCLUSION**

Qualcomm seeks narrowly tailored discovery for use in a pending foreign proceeding. Qualcomm's request satisfies 28 U.S.C. § 1782's three statutory requirements, and the four discretionary Intel factors weigh heavily in favor of granting Qualcomm's application. Accordingly, Qualcomm respectfully requests that this court issue the proposed order authorizing the issuance of subpoenas attached hereto as Exhibits A and B.

---

[4] Although certain events and communications referenced in the ER occurred as early as 2000, Qualcomm seeks only documents—to the extent they exist—from 2005 to the present.
[5] Although some of these documents may be available from public dockets, many are likely to have been filed under seal, or were merely served by the parties and not filed (*e.g.*, expert reports). Qualcomm is prepared to negotiate a protective order to protect the confidentiality of the companies' sensitive information, including by permitting the redaction of such sensitive information from produced documents.

Dated: January 7, 2016

CRAVATH, SWAINE & MOORE LLP

MORGAN, FRANICH, FREDKIN,
SIAMAS & KAYS

By: _____
DAVID A. KAYS
Attorneys for Applicant
QUALCOMM INCORPORATED