

**FAIR TRADE COMMISSION**

95 Dacom-3ro, Sejong city,
339-730, REPUBLIC OF KOREA

January 20, 2016

Magistrate Judge Paul Singh Grewal
United States District Court for the Northern District of California
280 South 1st St.
San Jose, California 95113

> Re: ***In re Ex Parte Application of Qualcomm Inc.*, Case Nos. 5:16-MC-80002-PSG;**
> **5:16-MC-80003-PSG; 5:16-MC-80004-PSG; 5:16-MC-80005-PSG;**
> **5:16-MC-80006-PSG; 5:16-MC-80007-PSG; 5:16-MC-80008-PSG.**

Dear Judge Grewal,

The Korea Fair Trade Commission (the "KFTC") respectfully submits this letter to the Court in connection with the above-referenced matters.

The KFTC is a Korean governmental body that enforces Korean antitrust laws to protect consumers and competition in Korea. The KFTC opposes Qualcomm Incorporated's applications to obtain discovery under U.S. law from seven companies(the "Companies" [1]) that have provided information to the KFTC in connection with its ongoing investigation of Qualcomm's patent licensing practices.

The KFTC has reviewed the seven applications for discovery that Qualcomm filed with the Court on or around January 7, 2016, and understands that Qualcomm is requesting both documents and testimony from the Companies. The KFTC asks the Court to deny Qualcomm's applications in their entirety as a matter of comity, because permitting the requested discovery would interfere with both the Qualcomm investigation and future KFTC investigations. While the KFTC is committed to ensuring due process of law and providing parties with an adequate and fair opportunity to defend their conduct, the requested discovery would not further those goals. Instead, it would (i) permit Qualcomm to improperly bypass Korean legal procedures for obtaining documents submitted to the KFTC by third parties; and (ii) discourage third parties from cooperating with the KFTC in its efforts to investigate potential violations of Korean antitrust laws for fear of inviting burdensome foreign discovery. In addition, the KFTC has no need for the requested discovery in the KFTC case handling procedure.

> **A.    Qualcomm seeks to improperly bypass Korean legal procedures for obtaining documents submitted to the KFTC by third parties.**

---

[1] The Companies are Apple, Inc., Intel Corp., Broadcom Corp., MediaTek USA Inc., Samsung Electronics Co., Ltd., Texas Instruments Inc., and VIA Technologies, Inc.



**FAIR TRADE COMMISSION**

95 Dasom-3ro, Sejong city,
339-730, REPUBLIC OF KOREA

Qualcomm's proposed subpoenas to the Companies seek documents and testimony concerning information provided to the KFTC on a confidential basis as part of the Qualcomm investigation. Under Korean law, Qualcomm is entitled to obtain copies of documents and data supporting the KFTC Examiner's report, which was submitted to the KFTC Committee to support preliminary finding of anticompetitive activity. *See* Monopoly Regulation and Fair Trade Act (the "Act"), Article 52-2 (attached as Exhibit A); Regulation on Operation of KFTC Meetings and Case-Handling Procedures (the "KFTC Regulation"), Article 29 (attached as Exhibit B); *see also* Official Information Disclosure Act, Article 9 (attached as Exhibit C). While the KFTC may withhold confidential materials obtained from third parties, Qualcomm has the right to request permission from the KFTC Committee to read or copy those materials. *See* KFTC Regulation, Article 29.2 (attached as Exhibit B). Qualcomm has requested copies of all materials attached to the KFTC Examiner's report, and the KFTC is currently processing that request.

Permitting Qualcomm to sidestep Korean legal procedures and obtain these materials directly from the Companies under U.S. law would subvert the KFTC's power to control when and how confidential investigatory materials are released. Currently, the KFTC can balance Korean policy goals and the privacy and confidentiality rights of third parties against the target of the investigation's potential need for the information in defending its conduct. This balancing would be impossible, however, if the target of an investigation into a potential violation of Korean law could run to the U.S. courts and obtain all materials provided to the KFTC(along with other materials) by third parties with some connection to the U.S. The KFTC therefore asks the Court to deny Qualcomm's request for these materials and instead require Qualcomm to obtain the materials in accordance with Korean legal procedures.

**B.    Forcing the Companies to respond to U.S. discovery requests would discourage future cooperation by third parties in KFTC investigations.**

The KFTC relies heavily on third parties to gain information relevant to ongoing investigations and to detect anticompetitive activity in Korea. For this reason, the KFTC and Korean law have measures in place to protect the identities of cooperating companies and the confidentiality of the information they provide. Cooperating companies thus have an expectation that any confidential or competitively sensitive information they provide to the KFTC will not be shared with investigative targets. The Companies, for example, provided information and documents relevant to the Qualcomm investigation in response to KFTC "Requests for Information" and would have expected the KFTC to protect any confidential materials from disclosure to Qualcomm.

Exposing the Companies and other third parties to discovery under U.S. law would destroy that expectation and discourage them from cooperating with the KFTC in future investigations and from reporting anticompetitive conduct to the KFTC. Third parties would be hesitant to provide information to the KFTC for fear that it would expose them to the burdens of responding to far-reaching U.S. discovery, and they would be particularly concerned about providing the KFTC with competitively sensitive information, for fear that such information could end up in the hands of a competitor under U.S. discovery rules. These outcomes would



**FAIR TRADE COMMISSION**

95 Dasom-3ro, Sejong city,
339-730, REPUBLIC OF KOREA

threaten the voluntary cooperation on which the Korean antitrust enforcement scheme relies to investigate potential violations of Korean law.

Exposing the Companies and other third parties to U.S. discovery would also alter the parity of Korea's antitrust enforcement scheme by permitting the targets of KFTC investigations to obtain broader discovery from third parties than is available to the KFTC itself.   As things stand today, Korean law has struck a balance that permits targets to obtain documents in the KFTC's possession, including key documents on which the Examiner's report is based, in advance of any evidentiary hearing (pursuant to the legal procedures described above). Permitting U.S. discovery would tip that balance in favor of target companies—who often already have greater resources available to them than regulators—by giving them subpoena power that is unavailable under Korean law.   That would make it more difficult for the KFTC to enforce Korean antitrust laws and protect Korean consumers.

**C.      The KFTC has no need or use for the requested discovery.**

Qualcomm's proposed subpoenas seek three categories of information from the Companies:   (i) information that was provided to the KFTC as part of the Qualcomm investigation; (ii) documents sufficient to show whether the Companies have been harmed by Qualcomm's patent licensing practices; and (iii) documents concerning prior litigations about patent licensing.

But the KFTC has no need or use for the requested discovery. The KFTC already possesses the information provided by the Companies as part of the Qualcomm investigation. And, as stated above, there is no need for Qualcomm to bypass Korean legal procedures and obtain that information directly from the Companies under U.S. law.

*      *      *

The KFTC appreciates the Court considering this letter and would do its best to answer any questions the Court may have.

Respectfully submitted,

Gyu-Ha, Chai

Director General

Anti Monopoly Bureau

Korea Fair Trade Commission