MARK D. SELWYN (CA SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JOSEPH MUELLER (*pro hac vice* application pending)
joseph.mueller@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel:   (617) 526-6000
Fax:   (617) 526-5000

*Attorneys for Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| In re Ex Parte Application of QUALCOMM INCORPORATED, <br><br> Applicant, <br><br> For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Apple Inc. for Use in a Foreign Proceeding. | Case No. 5:16-MC-80002 (PSG) <br><br> **APPLE INC.'S MEMORANDUM OF LAW IN OPPOSITION TO QUALCOMM INCORPORATED'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................2

        A.      Background On The KFTC And Its Mandated Discovery Protocols ..........2

        B.      Qualcomm's Section 1782 Application ......................................................4

III.    ARGUMENT .......................................................................................................5

        A.      Legal Standard ..........................................................................................5

        B.      The *Intel* Factors Weigh Heavily Against Granting Qualcomm's
                Application................................................................................................6

        1.      The KFTC Has Already Formally Requested And Received The
                Materials It Considers Relevant To The Proceedings.................................6

        2.      The Requested Discovery Will Not Aid The KFTC's Investigation...........8

        3.      Qualcomm's Requests For Production Improperly Seek to
                Circumvent The KFTC's Procedures And Authority ...............................10

        4.      Qualcomm's Discovery Requests Are Unduly Intrusive And
                Burdensome .............................................................................................14

IV.     CONCLUSION..................................................................................................18

ActiveUS 151623690v.2

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Advanced Micro Devices, Inc. v. Intel Corp.*,
  No. C 01-7033, 2004 WL 2282320 (N.D. Cal. Oct. 4, 2004)................................ *passim*

*In re Application of Microsoft Corp.*,
  No. C 06-80038 JF (PVT), 2006 WL 825250 (N.D. Cal. Mar. 29, 2006)....................9, 11, 12, 13

*Matter of Application of O2CNI Co., Ltd.*,
  No. C 13-80125 CRB (LB), 2013 WL 5826730 (N.D. Cal. Oct. 29, 2013)..........................14, 15

*In re Application of OOO Promnefstroy for an Order to Conduct Discovery for Use
  in a Foreign Proceeding*,
  No. M 19-99(RJS), 2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ...........................7, 14

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. 07-5944 SC, 2012 WL 6878989 (N.D. Cal. Oct. 22, 2012) .............................16, 17

*Chevron Corp. v. Donziger*,
  No. 12-MC-80237 CRB (NC), 2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) .........................15

*In re Degitechnic*,
  No. C07-414-JCC, 2007 WL 1367697 (W.D. Wash. May 8, 2007) ...........................14

*Four Pillars Enters Co., Ltd. v. Avery Dennison Corp.*,
  308 F.3d 1075 (9th Cir. 2002) .................................................18

*Intel Corporation v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004).........................................................2, 5, 6, 8, 11

*In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*,
  No. 2:14-CV-00797-GMN, 2015 WL 3439103 (D. Nev. May 28, 2015)................................7, 18

*In re Request for Int'l Judicial Assistance From the Nat'l Court Admin. of the
  Republic of Korea*,
  No. C15 80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015) ....................................9

*In re Ex Parte LG Elecs. Deutschland GmbH*,
  No. 12CV1197-LAB MDD, 2012 WL 1836283 (S.D. Cal. May 21, 2012)..................................7

*In re Microsoft Corp.*,
  428 F. Supp. 2d 188 (S.D.N.Y. 2006)................................................ *passim*

*Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*,
  384 F. Supp. 2d 45 (D.D.C. 2005).................................................17

- i -

*In re Rubber Chemicals Antitrust Litig.*,
    486 F. Supp. 2d 1078 (N.D. Cal. 2007) ..................................................................14

*In re Samsung Elecs. Co.*,
    No. 12-cv-80275 LHK (PSG), 2013 U.S. Dist. LEXIS 10518 (N.D. Cal. Jan. 23,
    2013) ......................................................................................................................13

*Thompson v. Doel*,
    No. 5:13-mc-80088-EJD (PSG) (N.D. Cal.), ECF No. 2 (Order Denying Without
    Prejudice *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 ) ....................................18

*In re Veiga*,
    746 F. Supp. 2d 8 (D.D.C. 2010) ......................................................................18

**Federal Statutes**

15 U.S.C. § 57b-2 ..............................................................................................9

28 U.S.C. § 1782 ....................................................................................... *passim*

**Other Authorities**

Korea Monopoly Regulation and Fair Trade Act ........................................ *passim*

Rules of the KFTC's Committee Operation and Case Handling Procedure....................................3, 11

ActiveUS 151623690v.2

Apple Inc. ("Apple") respectfully submits this memorandum in opposition to Qualcomm Incorporated's ("Qualcomm") Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in a Foreign Proceeding.

## I.   INTRODUCTION

Qualcomm seeks a wide range of highly confidential documents and testimony from Apple, purportedly for use in an investigation of Qualcomm being conducted by the Korea Fair Trade Commission ("KFTC").  Qualcomm's request amounts to a circumvention of the procedures of the KFTC—and indeed, the KFTC itself has filed a brief urging the Court to deny the request.  Simply put, § 1782 is not a vehicle for pursuing discovery for use in foreign regulatory proceedings where the relevant regulator has expressly said the discovery should not be allowed.

Qualcomm seeks: (1) documents that the KFTC already possesses and that Qualcomm may seek under established KFTC procedures; and (2) other voluminous documents—many involving highly confidential information not only of Apple but of third parties—that the KFTC does not deem relevant.  In response, the KFTC has taken the extraordinary step of filing an *amicus* brief in which it "***asks the Court to deny Qualcomm's applications in their entirety as a matter of comity*** . . . . " KFTC *Amicus* Brief at 1 (ECF No. 16) (emphasis added).  As the KFTC explains, Qualcomm's request would circumvent the established procedures under Korean law by which the KFTC investigates violations of competition law, including by gathering information from third parties.  In particular, the KFTC warns that if Qualcomm's request were granted, "[t]hird parties would be hesitant to provide information to the KFTC for fear that it would expose them to the burdens of responding to far-reaching U.S. discovery[.]"  *Id.* at 2.  Further, the KFTC has stated that it "has no need or use for the requested discovery."  *Id.* at 3.  These facts alone merit denying Qualcomm's application.  Qualcomm presents no cause for this Court to intrude on another sovereign state's chosen regulatory framework.  Indeed, granting Qualcomm's request would effectively require this Court to deem the procedures that Korea has chosen for competition investigations to be insufficient,

1  and, as the KFTC has noted, it would also directly undermine the future effectiveness of those

2  procedures.

3         Even if Qualcomm met the statutory requirements, this Court should exercise its discretion to

4  deny the application.  The concerns expressed by the KFTC squarely address three of four

5  discretionary factors established by the Supreme Court in *Intel Corporation v. Advanced Micro*

6  *Devices, Inc.*, 542 U.S. 241 (2004), and weigh heavily against allowing Qualcomm's requested

7  discovery.  As to the fourth factor, Qualcomm's sweeping requests are unduly intrusive and

8  burdensome, and target a potentially large number of documents that Apple is barred from

9  unilaterally disclosing by protective orders of this Court and the International Trade Commission.

10        For all these reasons, Apple respectfully requests that Qualcomm's application be denied in

11 its entirety.

12 **II.    FACTUAL BACKGROUND**

13        **A.    Background On The KFTC And Its Mandated Discovery Protocols**

14        The KFTC is an independent government agency that enforces competition laws and policies

15 in the Republic of Korea.  Jeong Decl. ¶ 3.[1]  Among other responsibilities, the KFTC investigates

16 suspected violations of the Monopoly Regulation and Fair Trade Act (the "MRFTA").  *Id.* ¶¶ 3-4.

17        The MRFTA authorizes the KFTC to summon testimony, statements, and reports from third

18 parties during an investigation.  Jeong Decl. ¶ 4; MRFTA, Art. 50(1).[2]  To encourage third parties to

19 provide complete submissions and protect their sensitive and confidential information, Article 62 of

20 the MRFTA mandates that third party submissions be kept confidential.  Jeong Decl. ¶¶ 6, 11-15, 22;

21 MRFTA, Art. 62 ("No commissioner, public official who performs or has performed his/her duties

22 under this Act . . . shall divulge any confidential information of an enterpriser or an enterprisers'

23

24 ─────────────────────

[1] Apple submits with this opposition the declaration of Joong-Weon Jeong, a former officer of the

25 KFTC, who served at the KFTC for over 20 years.  Jeong Decl. ¶ 1.

26 [2] All citations to and quotations from the MRFTA and the Rules of the KFTC's Committee

27 Operation and Case Handling Procedure are from the translated versions provided as Exhibits A and
   B, respectively, to the KFTC's submission to the Court (ECF Nos. 16-1 and 16-2).

28                                    - 2 -                    Apple Inc.'s Opposition to Qualcomm's
                                                                              1782 Application
                                                                        Case No. 5:16-mc-800002 (PSG)

ActiveUS 151623690v.2

1    organization which he/she learned in the course of carrying out his/her duties, or use it for the

2    purpose, other than to enforce this Act.");  *see also* KFTC Amicus Brief at 2.

3            The investigation is conducted by an Examiner from the KFTC administrative staff.  Jeong

4    Decl. ¶ 7.  After a preliminary investigation, the examinee and the KFTC receive an Examiner's

5    Report containing findings regarding the examinee's conduct.  Jeong Decl. ¶ 7; Rules of the KFTC's

6    Committee Operation and Case Handling Procedure ("KFTC Rules"), Art. 29.  The body of the

7    Examiner's Report typically includes evidence upon which the Examiner relied.  Jeong Decl. ¶ 8.

8    The Examiner includes other information, including evidence submitted by third parties in response

9    to formal requests from the KFTC, as exhibits to the report.  *Id.* ¶ 9.

10           Under Article 29 of the KFTC Rules, the Examiner shall provide the exhibits to the examinee

11   unless they contain confidential information, such as trade secrets, data relevant to a leniency

12   program, or confidential data protected under other applicable laws.  Jeong Decl. ¶ 12; KFTC Rules,

13   Art. 29 ¶¶ 10-12.  Even if the exhibits contain confidential information, the examinee may

14   nonetheless ask the KFTC to allow it access.  Jeong Decl. ¶ 14.  Following such a request, the Lead

15   Commissioner will weigh the countervailing interests to determine whether to allow such access or

16   the copying of such materials.  Jeong Decl. ¶ 14; KFTC Rules, Art. 29-2.  Confidential materials

17   also may be delivered to the examinee with the consent of the submitting party.  Jeong Decl. ¶ 13;

18   KFTC Rules, Art. 29 ¶ 10.

19           In addition, Article 52-2 of the MRFTA allows "[a]ny party concerned or interested person"

20   to request a copy of or access to "data relating to the measures taken under this Act."  MRFTA, Art.

21   52-2; Jeong Decl. ¶ 15.  The KFTC shall comply with this request "if deemed necessary for the

22   public interest or a consent is granted by the person providing such data."  MRFTA, Art. 52-2; Jeong

23   Decl. ¶ 15.

24           After the Examiner's Report is provided to the examinee, but before the KFTC decides

25   whether to impose corrective measures, the examinee may dispute the Examiner's findings.  Jeong

26   Decl. ¶ 9.  The examinee may file a written opposition prior to a hearing before the KFTC, and may

27

28                                          - 3 -                    Apple Inc.'s Opposition to Qualcomm's
                                                                    1782 Application
                                                                    Case No. 5:16-mc-800002 (PSG)

1    also object at the hearing.  *Id.*  After the hearing, the examinee may appeal an adverse decision to the

2    Seoul High Court.  *Id.* ¶ 10.  Finally, the examinee may file a second appeal to the Supreme Court of

3    Korea in the event of another adverse ruling.  *Id.*

4            The confidentiality provisions laid out in the KFTC's procedures reflect the crucial role that

5    third parties play in KFTC investigations and enforcement.  The KFTC "relies heavily" upon third

6    parties, including requesting information from them in order to investigate anticompetitive conduct.

7    KFTC *Amicus* Brief at 2-3.  The measures in place to protect third parties' confidential or

8    competitively sensitive information encourage third parties to provide relevant information when

9    requested by the KFTC.  KFTC *Amicus* Brief at  2; Jeong Decl. ¶¶ 16, 22.  If the integrity of these

10   measures is undermined, the "cooperation on which the Korean antitrust enforcement scheme relies

11   to investigate potential violations of Korean law" would similarly be weakened.  KFTC *Amicus*

12   Brief at 3.

13           **B.        Qualcomm's Section 1782 Application**

14           On January 7, 2016, Qualcomm filed an *ex parte* application under § 1782 seeking a wide

15   swath of discovery from Apple, and likewise filed separate applications seeking discovery from six

16   other companies.  Qualcomm's proposed subpoena to Apple contains the following four document

17   requests:

18   •   Request for Production No. 1: "All documents You have provided to the KFTC from January

19       1, 2011 to the present in connection with any investigation or proceeding, to the extent such

20       documents concern Qualcomm, Mobile Devices, Modem Chipsets, and/or Cellular IPR, and

21       all documents quoted, cited or referenced therein."

22   •   Request for Production No. 2:  "Documents from January 1, 2005, to the present, sent by

23       You to Qualcomm sufficient to show any request by Apple to Qualcomm for a license *only* to

24       Cellular IPR or any response by Qualcomm to such a request."

25

26

27

28                                                        - 4 -                    Apple Inc.'s Opposition to Qualcomm's
                                                                                                  1782 Application
                                                                                       Case No. 5:16-mc-800002 (PSG)

- <u>Request for Production No. 3:</u> "Documents from January 1, 2005, to the present, sent by You to Qualcomm sufficient to show any request by Apple for a list of any Qualcomm IPR or any response by Qualcomm to such a request."

- <u>Request for Production No. 4:</u> "All documents filed by Samsung or served by Samsung (1) in or with respect to the litigation captioned <u>Apple Inc. v. Samsung Electronics Co. Ltd.</u>, No. 11-1846, in the U.S. District Court for the Northern District of California, (2) in or with respect to the litigation captioned <u>Apple Inc. v. Samsung Electronics Co. Ltd.</u>, No. 12-630, in the U.S. District Court for the Northern District of California, (3) in or with respect to the litigation captioned <u>Samsung Electronics Co. Ltd. v. Apple Inc.</u>, No. 11-02079, in the U.S. Court for the Northern District of California, (4) in or with respect to the proceedings captioned <u>In the Matter of Certain Electronic Devices, including Wireless Communications Devices, Portable Music and Data Processing Services, and Tablet Computers</u>, Inv. No. 337-TA-794, in the U.S. International Trade Commission, or (5) in or with respect to the litigation captioned <u>Samsung Electronics Co. v. Apple</u>, Case No. 2011 GaHapp 39522 in the Seoul Central District Court, but only to the extent such documents concern the licensing of Cellular IPR or damages alleged to have resulted from infringement of Cellular IPR."

ECF No. 1-1, Ex. A at 5-6.  Qualcomm also seeks to require Apple to present a Rule 30(b)(6) witness on three deposition topics, which largely track Requests for Production Nos. 1-3.  *Id.*, Ex. B at 3.

## III.  ARGUMENT

### A.  Legal Standard

In evaluating an application for discovery under § 1782(a), a district court first considers whether it is authorized to grant the request, and second, whether it should exercise its discretion to do so.  *See Intel*, 542 U.S. at 264.  Even if the statute's threshold requirements are satisfied, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *Id.*  The Supreme Court has directed that the following factors "bear

Apple Inc.'s Opposition to Qualcomm's
1782 Application
Case No. 5:16-mc-800002 (PSG)

consideration in ruling on a § 1782(a) request": (1) whether the target of the discovery sought is within the foreign tribunal's reach; (2) the nature of the foreign tribunal, the character of the proceedings, and the receptivity of the foreign tribunal to U.S. judicial assistance; (3) whether the "request conceals an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country"; and (4) whether the requests are "unduly intrusive or burdensome." *Id.* at 264-65.

**B.      The *Intel* Factors Weigh Heavily Against Granting Qualcomm's Application**

As described below, each of the *Intel* factors strongly compel the denial of Qualcomm's application.

**1.      The KFTC Has Already Formally Requested And Received The Materials It Considers Relevant To The Proceedings**

The first *Intel* factor—whether the target of the discovery sought is within the foreign tribunal's reach—weighs heavily against Qualcomm's application.  As the KFTC's submission makes clear, Apple was summoned as part of the KFTC's investigation and provided information that the KFTC formally requested under Article 50 of the MRFTA.  KFTC *Amicus* Brief at 2.  The information that Qualcomm seeks in its Request No. 1 is therefore already within the KFTC's reach—in fact, the KFTC possesses it—and there is no need for U.S. court intervention to provide it. *See In re Microsoft Corp.*, 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006) (even though the target was not a participant, the European Commission's antitrust agency (the Directorate-General for Competition or "DG-Competition") already had the documents requested: "the Commission has (or will have) possession of all of the documents that [applicant] seeks to discover, whether or not they were originally part of the Commission file.  That [applicant] must request the documents from the Commission, as opposed to requesting them directly from [targets], is irrelevant.").

Qualcomm's argument that the first *Intel* factor favors Qualcomm's application because Apple is not a "party" to the foreign proceeding is mistaken.  App. at 6-7 (ECF No. 1).  The issue under the first *Intel* factor is whether the foreign tribunal is able to obtain the information it needs, and here, the KFTC was able to obtain the information it deemed relevant through requesting it from

Apple Inc.'s Opposition to Qualcomm's
1782 Application
Case No. 5:16-mc-800002 (PSG)

ActiveUS 151623690v.2

1    third parties.  In *Intel*, the Supreme Court did not suggest that a court should consider only what

2    information is available to the foreign tribunal from "parties"; rather, the Supreme Court addressed

3    "participants."  542 U.S. at 264.  As Qualcomm concedes, Apple has, at the KFTC's request,

4    participated in the investigation by providing information requested of it.  *See, e.g.*, App. at 2

5    ("Based in part on information and documents received from Apple, the KFTC has charged that

6    aspects of Qualcomm's patent licensing practices violate South Korean antitrust law.").  Indeed,

7    courts regularly find that the first *Intel* factor weighs against a § 1782 applicant where the

8    information sought is within the foreign tribunal's reach, even if the target is not a party in the

9    foreign proceeding.  *See, e.g.*, *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie*

10   *Bank Ltd.*, No. 2:14-CV-00797-GMN, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015)

11   *reconsideration denied sub nom. Matter of A Petition for Judicial Assistance Pursuant to 28 U.S.C.*

12   *§ 1782 by Macquarie Bank Ltd.*, No. 214CV00797GMNNJK, 2015 WL 7258483 (D. Nev. Nov. 17,

13   2015) ("Although the case law at times refers to whether the 'person' is within the foreign tribunal's

14   jurisdictional reach, the key issue is whether the material is obtainable through the foreign

15   proceeding"); *In re Ex Parte LG Elecs. Deutschland GmbH*, No. 12CV1197-LAB MDD, 2012 WL

16   1836283, at *2 (S.D. Cal. May 21, 2012) (first *Intel* factor weighed against applicant where target

17   was not a party to foreign lawsuit because the information could be requested from the other parties

18   to that proceeding); *In re Application of OOO Promnefstroy for an Order to Conduct Discovery for*

19   *Use in a Foreign Proceeding*, No. M 19-99(RJS), 2009 WL 3335608, at *5 (S.D.N.Y. Oct. 15, 2009)

20   ("it is the foreign tribunal's ability to control the evidence and order production, not the nominal

21   target of the § 1782 application, on which the district court should focus"); *In re Application of*

22   *Microsoft Corp.*, 428 F. Supp. 2d at 194 ("While IBM and Cleary Gottlieb are not 'participants,' *per*

23   *se*, in the underlying antitrust proceeding, all of the documents sought by Microsoft are within the

24   Commission's reach.").[3]

25

26

---

27   [3]  Qualcomm's Requests for Production Nos. 2 and 3 also seek documents that are in **Qualcomm's**

28   possession (*i.e.*, certain documents "sent by [Apple] to Qualcomm . . . or any response by Qualcomm

- 7 -

ActiveUS 151623690v.2

1   The first *Intel* factor also weighs against Qualcomm's requests that go beyond the materials

2   already provided to the KFTC, because the requests seek production of documents and information

3   that the KFTC does not deem relevant to its proceeding.  As the KFTC made clear in its submission

4   to the Court, it "has no need for the requested discovery in the KFTC case handling procedure."

5   KFTC *Amicus* Brief at 1.  There is no rationale to obligate Apple to produce material ostensibly in

6   aid of a foreign tribunal that has already determined the material will not be helpful to it.  *See*

7   *Advanced Micro Devices, Inc. v. Intel Corp.*, No. C 01-7033, 2004 WL 2282320, at *2 (N.D. Cal.

8   Oct. 4, 2004) (denying § 1782 request where the European Commission "has not sought the

9   documents AMD now seeks").

10   Qualcomm also argues that the first *Intel* factor favors Qualcomm's application because

11   **Qualcomm** lacks the ability to seek "mandatory discovery from Apple"—not that the foreign

12   **tribunal** lacks jurisdiction to obtain relevant information.  App. at 7.  This argument turns the *Intel*

13   decision on its head.  The proper focus of the *Intel* inquiry is whether the KFTC may obtain

14   information from third parties, not whether Qualcomm may conduct discovery of those third parties

15   in Korea.  *Intel Corp.*, 542 U.S. at 264 ("A foreign tribunal has jurisdiction over those appearing

16   before it, and can itself order them to produce evidence.").

17               2.      **The Requested Discovery Will Not Aid The KFTC's Investigation**

18   The second *Intel* factor—the nature of the foreign tribunal, the character of the proceedings

19   underway abroad, and the receptivity of the foreign tribunal to U.S. federal court judicial

20   assistance—also weighs heavily against allowing the requested discovery.

21   Qualcomm contends that it seeks "highly relevant information that not only will assist the

22   foreign tribunal, but is essential to Qualcomm's defense of the charges."  App. at 7.  Both of

23   Qualcomm's rationales are flawed.

24   *First*, as described above, the KFTC has already made clear that it has no use for the broad

25

26

27   . . . ").  Because Qualcomm itself is a party to the KFTC proceeding, there is no question that the
documents sought by these requests are within the foreign tribunal's reach.

28                                          - 8 -

ActiveUS 151623690v.2

1    discovery that Qualcomm seeks (beyond the materials that the KFTC already has obtained).[4]   KFTC

2    *Amicus* Brief at 1 ("the KFTC has no need for the requested discovery in the KFTC case handling

3    procedure") and 3 ("The KFTC has no need or use for the requested discovery.").

4            Courts have regularly denied § 1782 requests in analogous circumstances, such as where the

5    European Commission was conducting an antitrust investigation and disclaimed an interest in U.S.

6    judicial assistance.  In *In re Application of Microsoft Corp.*, the court denied a request where it found

7    that "it appears that the European Commission is *not* receptive to U.S. federal court judicial

8    assistance in this case."  No. C 06-80038 JF (PVT), 2006 WL 825250, at *2-3 (N.D. Cal. Mar. 29,

9    2006) (emphasis in original); *see also Advanced Micro Devices, Inc. v. Intel Corp.*, 2004 WL

10   2282320, at *2 ("[T]he EC is not receptive to judicial assistance in this case."); *In re Application of

11   Microsoft Corp.*, 428 F. Supp. 2d at 194 (finding second *Intel* factor "cuts sharply against" a request

12   where "the [European] Commission has explicitly stated that it opposes the discovery sought by

13   Microsoft and is not receptive to U.S. judicial assistance").  As one court explained, "[g]ranting

14   discovery in the face of opposition from the foreign tribunal would undermine the spirit and purpose

15   of the statute by discouraging . . . other foreign tribunals from heeding similar sovereignty concerns

16   posited by our governmental authorities to foreign courts."  *In re Application of Microsoft Corp.*,

17   428 F. Supp. 2d at 194 (quotation marks omitted).[5]

18   ───────────────────────

19   [4] Given that the KFTC has "ask[ed] the Court to deny Qualcomm's applications in their entirety,"
     KFTC *Amicus* Brief at 1, that one Korean court in very different circumstances was receptive to

20   discovery under § 1782 is irrelevant.  *See* App. at 9 (citing *In re Request for Int'l Judicial Assistance
     From the Nat'l Court Admin. of the Republic of Korea*, No. C15-80069 MISC LB, 2015 WL

21   1064790 (N.D. Cal. Mar. 11, 2015)).  In that case, the foreign tribunal (a Korean court) determined

22   that a § 1782 application would be useful to ongoing civil litigation and therefore itself requested the
     submission of the *ex parte* application at issue.  *Korean Nat'l Court Admin.*, 2015 WL 1064790, at

23   *1.

24   [5] The U.S. Federal Trade Commission has an interest, for example, in foreign courts similarly
     respecting confidentiality provisions that govern its use of information gathered from third parties

25   during an investigation.  *E.g.*, 15 U.S.C. § 57b-2(b)(3)(C) ("no documentary material, tangible
     things, reports or answers to questions, and transcripts of oral testimony shall be available for

26   examination by any individual other than a duly authorized officer or employee of the Commission

27   without the consent of the person who produced the material").

28                                          - 9 -                    Apple Inc.'s Opposition to Qualcomm's
                                                                              1782 Application
                                                                      Case No. 5:16-mc-800002 (PSG)
     ActiveUS 151623690v.2

1     **Second**, by arguing that the discovery requested is "critical to the KFTC's ability to evaluate

2     the accuracy of the allegations" and "essential to Qualcomm's defense," App. at 7-8, Qualcomm

3     invites the Court to overstep its role by substituting its judgment for the KFTC's on the procedures

4     by which it is appropriate to make a determination of a violation of Korean antitrust law.  *See* KFTC

5     *Amicus* Brief at 3 ("Korean law has struck a balance that permits targets to obtain documents in the

6     KFTC's possession, including key documents on which the Examiner's report is based, in advance

7     of any evidentiary hearing").  Doing so would again pose a threat to international comity.  As the

8     KFTC warns in its submission, allowing Qualcomm's request would "make it more difficult for the

9     KFTC to enforce Korean antitrust laws and protect Korean consumers" because it would "tip [the]

10    balance in favor of target companies" over the KFTC by allowing target companies to obtain U.S.

11    discovery that is not ordinarily available to the KFTC.[6] *Id.*  If this Court permits Qualcomm's

12    requested discovery, it "would contravene the purpose of § 1782 by pitting this Court against the

13    [KFTC], rather than fostering cooperation between them, and would violate established principles of

14    comity, under which 'United States courts ordinarily refuse to review acts of foreign governments

15    and defer to proceedings taking place in foreign countries.'"  *In re Application of Microsoft Corp.*,

16    428 F.Supp.2d at 195-96 (quoting *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d

17    850, 854 (2d Cir. 1997)).  Moreover, as described further below in Part III.C.3, courts have denied

18    requests where—as here—the foreign antitrust tribunal has specific procedures governing access to

19    documents in its files that would be circumvented by granting the § 1782 request.

20              3.      **Qualcomm's Requests For Production Improperly Seek To Circumvent
                        The KFTC's Procedures And Authority**

22              The third *Intel* factor also counsels against granting Qualcomm's application.  Indeed,

23    Qualcomm's Requests for Production fall squarely within the type of conduct that the third *Intel*

24    factor was designed to prevent:  they will "circumvent foreign proof-gathering limits or other

---

[6] Of course, if the KFTC deemed U.S. discovery necessary to an investigation, it could pursue it
through its own § 1782 application.

- 10 -

ActiveUS 151623690v.2

1    policies" in the underlying enforcement proceedings and threaten to chill third-party participation in

2    KFTC proceedings.  *Intel Corp.*, 542 U.S. at 244-45.

3          In particular, Request for Production No. 1 is a clear attempt at an end-run around existing

4    KFTC procedures.  As described in Part II.A, the MRFTA and KFTC Rules govern access to the

5    Examiner's report and attachments as well as the confidentiality of documents produced to the

6    KFTC by third parties.  Qualcomm's request for "all documents [Apple has] provided to the KFTC,"

7    *see supra* Part II.B, should be governed by the detailed procedures set forth in the MRFTA and the

8    KFTC Rules.  *See* KFTC Rules, Art. 29-2; MRFTA, Article 52-2.  Notably, Qualcomm's application

9    is silent on whether or not it has requested access to materials attached to the Examiner's report.

10   However, according to the KFTC's submission, "Qualcomm has requested copies of all materials

11   attached to the KFTC Examiner's report, and the KFTC is currently processing that request."  KFTC

12   *Amicus* Brief at 2.

13         The KFTC is the right tribunal to evaluate Qualcomm's requests for information.  In

14   considering Qualcomm's requests, "the KFTC can balance Korean policy goals and the privacy and

15   confidentiality rights of third parties against the target of the investigation's potential need for the

16   information in defending its conduct."  *Id.*  Similarly, for any documents requested by Qualcomm

17   that are not part of the Examiner's Report, the KFTC will evaluate whether allowing Qualcomm

18   access would serve the public interest.  *See supra* Part II.A.  By contrast, Qualcomm's request to this

19   Court would "divest the [KFTC] of jurisdiction over this matter and replace a [Korean] decision with

20   one by this Court."  *In re Application of Microsoft Corp.*, 428 F. Supp. 2d at 195; *see also In re*

21   *Application of Microsoft Corp.*, 2006 WL 825250, at *3 ("Congress did not seek to place itself on a

22   collision course with foreign tribunals and legislatures, which have carefully chosen the procedures

23   and laws best suited to their concepts of litigation.") (quotation marks omitted).  Indeed,

24   Qualcomm's request comes before the KFTC has even had the opportunity to complete the review

25   called for by its procedures.  The KFTC therefore understandably "asks the Court to deny

26   Qualcomm's request . . . and instead require Qualcomm to obtain the materials in accordance with

27

28                                      - 11 -                    Apple Inc.'s Opposition to Qualcomm's
                                                                              1782 Application
                                                                      Case No. 5:16-mc-800002 (PSG)

1    Korean legal procedures."  KFTC *Amicus* Brief at 2.  And it recognizes that the consequences of

2    failing to do so would be to "subvert the KFTC's power to control when and how confidential

3    investigatory materials are released."  *Id.*

4            Further, allowing Qualcomm's application would undermine the KFTC's investigatory

5    functions more broadly, even beyond the scope of its Qualcomm investigation.  Qualcomm's

6    Requests For Production Nos. 2 through 4 seek information far beyond what the KFTC indicates it

7    believes is relevant to its investigation.  Granting such burdensome and unnecessary discovery

8    would "discourage third parties from cooperating with the KFTC in its efforts to investigate potential

9    violations of Korean antitrust laws for fear of inviting burdensome foreign discovery."  *Id.* at 1.[7]

10   Notably, the United States and Korea have recently been working to avoid exactly the type of

11   interference that Qualcomm's application would create.  In September 2015, the U.S. Department of

12   Justice and Federal Trade Commission signed a "Memorandum of Understanding on Antitrust

13   Cooperation" with the KFTC.  Among other provisions, the agencies agreed to "give careful

14   consideration to the enforcement objectives and important interests of the other country's

15   competition authority or authorities in conducting its enforcement activities."  Memorandum of

16   Understanding on Antitrust Cooperation Between the United States Department of Justice and the

17   United States Federal Trade Commission, of the One Part, and the Korea Fair Trade Commission, of

18   the Other Part (Sept. 8, 2015), §1.3, available at

19   https://www.ftc.gov/system/files/documents/cooperation_agreements/150908kftc-ftc-dojmou.pdf;

20   Declaration of Mark D. Selwyn ("Selwyn Decl.") ¶ 13, Ex. D.

21

22

23

[7] *See also* Jeong Decl. ¶ 22 ("As the KFTC is heavily dependent on third parties in its investigative
24   efforts, it promises such third parties that it will not disclose sensitive or confidential information to
     anyone else, and the relevant third party provides its response relying on the KFTC's statutory
25   obligation to maintain confidentiality under Article 62 of the MRFTA.  However, the chilling effect
     from a foreign court allowing discovery of third parties' confidential information in circumvention
26   of the KFTC's relevant procedures would pose a negative threat to the KFTC's future investigations
     and enforcement of Korean competition laws.").
27

28                                                      - 12 -

1   Based on these concerns with respecting foreign procedures and comity, courts—including

2   those in this District—have repeatedly denied nearly identical § 1782 requests.  In *In re Microsoft*

3   *Corp.*, for example, Microsoft was involved in enforcement proceedings initiated by the DG-

4   Competition.  2006 WL 825250, at *1.  After Microsoft was unable to obtain certain information

5   under the specific confidentiality procedures of the DG-Competition, it sought discovery under §

6   1782.[8]  *Id.*  The court denied Microsoft's request, finding that "the subpoenas constitute an attempt

7   to circumvent specific restrictions the European Commission has placed on Microsoft's right to

8   obtain certain kinds of information.  This alone weighs heavily against allowing the requested

9   discovery."  *Id.* at *3.  The court further stressed that issues of comity weighed against granting

10  discovery: "[a]s a matter of comity, this court is unwilling to order discovery when doing so will

11  interfere with the European Commission's orderly handling of its own enforcement proceedings."

12  *Id.*  In another case involving a § 1782 application by Microsoft relating to the DG-Competition's

13  investigation of it, the court concluded that providing the requested discovery was "apt to seriously

14  harm the [DG-Competition's] investigation process and circumvent the European rules on access to

15  file" and that "a decision by this Court upholding Microsoft's discovery request would contravene

16  the purpose of § 1782 by pitting this Court against the [DG-Competition], rather than fostering

---

[8] Again, Qualcomm has not even allowed the Korean procedure for obtaining access to materials relied upon by the KFTC to play out.  In *In re Samsung Elecs. Co.*, this Court found that the third *Intel* factor counseled against granting a § 1782 request because the movant had not sought discovery with the foreign court.  No. 12-cv-80275 LHK (PSG), 2013 U.S. Dist. LEXIS 10518, at *10 (N.D. Cal. Jan. 23, 2013).  The Court was deterred by "the awkward position of potentially undermining the [foreign] court's management of its case."  *Id.*

Apple Inc.'s Opposition to Qualcomm's
1782 Application
Case No. 5:16-mc-800002 (PSG)

1   cooperation between them, and would violate established principles of comity."  *In re Microsoft*

2   *Corp.*, 428 F. Supp. 2d at 194-96 (quotation marks omitted).[9]

3          4.      **Qualcomm's Discovery Requests Are Unduly Intrusive And Burdensome**

4          The fourth *Intel* factor—whether the requests are unduly intrusive or burdensome—also

5   weighs heavily against granting Qualcomm's application.[10]  Requests are unduly intrusive and

6   burdensome where they are not narrowly tailored, request confidential information, and appear to be

7   a broad "fishing expedition" for irrelevant information.  *See Advanced Micro Device*, 2004 WL

8   2282320, at *3; *Matter of Application of O2CNI Co., Ltd.*, No. C 13-80125 CRB (LB), 2013 WL

9   5826730, at *15-16 (N.D. Cal. Oct. 29, 2013).  Qualcomm's requests tick each of these boxes: they

10  would (i) impose a substantial burden on Apple, (ii) jeopardize the confidentiality of Apple's

11  information and that of third parties, and (iii) reach far beyond what the KFTC itself deems relevant.

12         Qualcomm's Request for Production No. 1 seeks "*[a]ll* documents" Apple provided to the

13  KFTC in connection with "*any* investigation or proceeding" from January 1, 2011 to the present that

14  "concern Qualcomm, Mobile Devices, Modem Chipsets, and/or Cellular IPR," and "*all* documents

15  quoted, cited, or referenced therein."  *See supra* Part II.B.  Qualcomm argues that it "must have

16  access to the evidence that the KFTC case team relies upon if it is going to have an opportunity to

17  challenge the ER."  App. at 10.  But this request goes far beyond seeking the documents relied upon

18

19  ───────────────
20  [9] *Cf. In re Rubber Chemicals Antitrust Litig.*, 486 F. Supp. 2d 1078 (N.D. Cal. 2007) (under Rule 26, plaintiff not entitled to discover communications made pursuant to the EC's Leniency Program
21  between a defendant's affiliate and the EC, based upon principles of comity); *In re Degitechnic*, No. C07-414-JCC, 2007 WL 1367697, at *5 (W.D. Wash. May 8, 2007) (Section 1782 "application
22  seeking discovery never sought in France certainly appears to be a circumvention attempt"); *In re Application of OOO Promnefstroy for an Order to Conduct Discovery for Use in a Foreign*
23  *Proceeding*, 2009 WL 3335608, at *9  ("granting the [§ 1782] Application would only frustrate the careful balance struck by the Dutch courts in the underlying Dutch Proceedings").

24  [10] The Court need not even address the fourth *Intel* factor because the first three factors weigh
25  sharply against granting Qualcomm's request.  *See Advanced Micro Devices, Inc.*, 2004 WL 2282320, at *3 (addressing fourth factor in denying § 1782 request for discovery even though doing
26  so was "largely unnecessary and purely academic to address" where first three factors clearly weighed against granting application).  Nevertheless, Apple addresses this factor for the sake of
27  completeness.

28                                        - 14 -

1   by the KFTC in issuing the Examiner's Report at issue.  Not only is this request not limited to the

2   KFTC proceedings at issue, it also extends broadly over a five-year period with no showing that this

3   scope is necessary[11] and concerning such broadly defined categories as "Mobile Devices," "Modem

4   Chipsets," and "Cellular IPR."  *See, e.g.*, App., Ex. A at 2 (defining "Mobile Devices" as "any

5   handheld communication device having a display screen with a touch input or keypad, including, but

6   not limited to, smartphone and tablet devices").

7           Qualcomm's Requests for Production Nos. 2 and 3 seek documents regarding licensing

8   requests "sent by [Apple] to Qualcomm" over the past eleven years "or any response by Qualcomm

9   to such a request."  *See supra* Part II.B.  According to Qualcomm, such documents are relevant

10  because "the ER makes certain characterizations about licensing negotiations between Qualcomm

11  and Apple . . . .  Documents and testimony concerning these negotiations are therefore critical to the

12  KFTC's ability to evaluate the accuracy of the allegations."  App. at 8.  But Qualcomm provides no

13  explanation what these characterizations are, and therefore Qualcomm wholly fails to substantiate its

14  relevance claim.  In any event, ***Qualcomm already has (or should have) these documents in its***

15  ***possession.***  Qualcomm offers no explanation as to why it cannot simply look in its own files.  *See*

16  *Matter of Application of O2CNI Co., Ltd.*, 2013 WL 5826730, at *15-16 (suggesting that the

17  requesting party has an obligation to conduct its own review before it may request information of

18  others).  Because this discovery can "be obtained from a source that is more convenient [and] less

19  burdensome," namely from Qualcomm's own files, the requests should be denied.  *Chevron Corp. v.*

20  *Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *11 (N.D. Cal. Aug. 22, 2013)

21  (stating, with respect to a motion to quash under Fed. R. Civ. P. 45, that "the court must limit the

22  extent of the discovery sought . . . if it can be obtained from a source that is more convenient or less

23  burdensome").

24          Qualcomm's Request for Production No. 4 seeks ***from Apple*** thousands of pages of highly

25

26  _____

27  [11] For example, Qualcomm does not indicate that it has tried to tailor this request to fit with the
    period during which the KFTC has been conducting its current investigation of Qualcomm.

28                                    - 15 -                          Apple Inc.'s Opposition to Qualcomm's
                                                                                   1782 Application
                                                                           Case No. 5:16-mc-800002 (PSG)

1  confidential documents filed or served **by Samsung** in multiple litigations subject to stringent

2  protective order provisions.  As an initial matter, Qualcomm is already seeking these documents

3  from Samsung, **the party that filed or served the documents at issue**.  Hence, Qualcomm's request

4  to Apple is duplicative and should not be permitted.  But even putting that aside, Qualcomm's

5  discovery request is unduly intrusive and burdensome.  *See In re Cathode Ray Tube (CRT) Antitrust*

6  *Litig.*, No. 07-5944 SC, 2012 WL 6878989, at *3 (N.D. Cal. Oct. 22, 2012), *report and*

7  *recommendation adopted,* No. C-07-5944-SC, 2013 WL 183944 (N.D. Cal. Jan. 17, 2013) (noting,

8  when presented with a request to produce an entire case file, that § 1782's provision for production

9  of "a document" in singular form suggests that "the statute was meant to encompass a very limited

10  and specific item of discovery," and that there is no case supporting the use of § 1782 to apply to

11  such voluminous litigation records).

12       In order to respond to Qualcomm's Request for Production No. 4, court files containing

13  thousands of documents would need to be reviewed for potential responsiveness.  Selwyn Decl. ¶ 4.

14  Moreover, many of the documents identified as responsive to this request will contain information

15  designated confidential by Apple, Samsung, and/or third parties under the protective order entered in

16  the case in which the documents were filed and/or served.  *Id.* ¶ 8.  These protective orders contain

17  provisions that would bar Apple from unilaterally producing documents designated confidential by

18  Samsung or third parties, or containing information designated confidential by Samsung or third

19  parties, in response to a subpoena.  *Id.*  Given the volume of documents likely responsive to this

20  request, complying with the various protective order provisions would be very time-consuming and

21  could easily take more than a hundred hours of attorney time.  *Id.* ¶ 12.

22       In addition, the parties would need to comply with a redaction protocol set forth by this Court

23  for two of the litigations.  *Id.* ¶ 9, Ex. C at 19.  Under that protocol, before distributing redacted

24  documents filed or served in connection with Civil Action Nos. 11-1846 and 12-0630, counsel for

25  Apple would be required to send the redacted versions to counsel for Samsung for their review and

26  approval.  *Id.* ¶ 11.  Such a heavy burden is even more unjustified where the KFTC has indicated that

27

28                                          - 16 -                    Apple Inc.'s Opposition to Qualcomm's
                                                                              1782 Application
                                                                     Case No. 5:16-mc-800002 (PSG)

1    it "has no need or use for the requested discovery."  KFTC *Amicus* Brief at 3.

2         Moreover, Qualcomm's requests are intrusive and burdensome because they seek highly

3    confidential and sensitive information.  Confidentiality concerns weigh in favor of a finding that a

4    discovery request is unduly intrusive and burdensome.  *See In re Cathode Ray Tube (CRT) Antitrust*

5    *Litig.*, 2012 WL 6878989, at *4 (discussing confidentiality concerns in the context of intrusiveness

6    and burden); *In re Application of Microsoft Corporation*, 428 F.Supp.2d at 196 (stating that

7    Microsoft's "discovery request remains unduly intrusive and burdensome in that it seeks documents

8    that may be protected as confidential by the Commission's rules on access to file and that are

9    privileged under U.S. law").  Many of the documents sought by Qualcomm across all four requests

10   for production contain highly confidential and sensitive information.  With respect to such

11   documents, "there is no way to anticipate all of the ways in which . . . confidential documents . . .

12   could become exposed and not protected in Korea, and might become available for public use in

13   business matters."  *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2012 WL 6878989, at *4.  *See*

14   *also Advanced Micro Devices v. Intel Corp.*, 2004 WL 2282320, at *1 (denying a § 1782 request for

15   "seventy (70) document requests, sixty-seven (67) of which essentially seek Intel documents

16   produced to Intergraph Corporation in an action between the parties in the Northern District of

17   Alabama," where "Intel produced approximately 500,000 pages of confidential business information

18   in the course of the Intergraph case").

19        Finally, if there were any doubt remaining as to the impropriety of Qualcomm's discovery

20   requests, a simple review of the geographic locations and time frames encompassed demonstrates

21

22

23

24

25

26

27

28

1  their undue burden.[12]  Not one request is limited to activity in or affecting Korea.  *See Advanced*

2  *Micro Devices, Inc.*, 2004 WL 2282320, at *2-3 (finding the requested documents unduly intrusive

3  and overbroad where § 1782 applicant "made no attempt to tailor its application to the subject matter

4  of the EC complaint.  For example, [applicant's] document requests do not contain the words

5  'Europe' or 'European,' the name of any European country, or the name or description of any

6  European OEM or retailer."); *In re Veiga*, 746 F. Supp. 2d 8, 25-26 (D.D.C. 2010) (finding lack of

7  geographic limitation caused fourth *Intel* factor to weigh against applicant).  Further, the requests

8  lack reasonable temporal limitations, seeking documents from time periods spanning from five to

9  eleven-plus years.  *See, e.g.*, *Thompson v. Doel*, No. 5:13-mc-80088-EJD (PSG) (N.D. Cal.), ECF

10  No. 2 (Order Denying Without Prejudice *Ex Parte* Application Pursuant to 28 U.S.C. § 1782 at 3-4)

11  (denying application for "extraordinary" overbreadth where applicant sought "over five years of

12  activity from the [email] account at issue without explaining at all why such a wide swath is

13  necessary").[13]

14  **IV.    CONCLUSION**

15       For the foregoing reasons, Apple respectfully requests that the Court deny Qualcomm's

16  application.

17  _____

18  [12] Some of the documents responsive to Qualcomm's requests are believed to be located outside the United States with Apple's Korean counsel.  Although the Court need not reach this issue, the

19  location of these documents provides an independent basis for denying Qualcomm's request, because documents not found in the United States are beyond the reach of § 1782.  *See, e.g.*, *Four*

20  *Pillars Enters Co., Ltd. v. Avery Dennison Corp.*, 308 F.3d 1075 (9th Cir. 2002) (acknowledging support for the view that § 1782 was not intended to support discovery of material located outside

21  the United States); *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*,

22  2015 WL 3439103, at *10 ("[t]he legislative history to § 1782 indicates that it was intended to aid in obtaining oral and documentary evidence in the United States and some of its drafters have

23  expressed policy concerns with applying it more broadly, which together have given courts reason to think that Congress intended to reach only evidence located within the United States.") (quotation

24  marks omitted); *Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 57 (D.D.C. 2005) (concluding that the location of the documents outside of the United States strongly

25  "militate[s] against ordering that the requested documents . . . be produced").

26  [13] Qualcomm additionally seeks deposition testimony on all but one of these unduly intrusive and overly broad requests.  For the reasons discussed above, each contravenes the purpose of § 1782

27  discovery and should be rejected.

28                                              - 18 -                         Apple Inc.'s Opposition to Qualcomm's
                                                                                                1782 Application
                                                                                     Case No. 5:16-mc-800002 (PSG)

1

2

3  Dated:  February 1, 2016                    Respectfully submitted,

4                                              APPLE INC.

5                                              By its attorneys

6
                                                /s/ Mark D. Selwyn
7                                              Mark D. Selwyn (SBN 244180)
                                               WILMER CUTLER PICKERING
8                                                HALE AND DORR LLP
                                               950 Page Mill Road
9                                              Palo Alto, California  94304
                                               Telephone:  (650) 858-6000
10                                             Facsimile:   (650) 858-6100

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                 - 19 -              Apple Inc.'s Opposition to Qualcomm's
                                                                         1782 Application
                                                          Case No. 5:16-mc-800002 (PSG)